# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **CORINIO ALLEN PRUITT, DCN 285193,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 3:13-01003 |
| ) | **Judge Sharp** |
| **TIM McCONNELL, Health Care Administrator,**) | |
| *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Pending before the Court is Defendant Tim McConnell's Motion to Dismiss for Failure to State a Claim. (Docket No. 27). That Motion and incorporated Memorandum takes a shot-gun approach to Plaintiff's Second Amended Complaint. Review is complicated by the fact that the Complaint is presently in its third iteration and incorporates by reference the two prior (mostly hand-written) Complaints with attached exhibits that Plaintiff filed before counsel was appointed to represent him in this action. Nevertheless, the Court has throughly reviewed the matter and will deny Defendant McConnell's request for dismissal at this time.

Most of Defendant's argument can be easily dispatched. He argues that dismissal is proper because he was not timely served in accordance with Rule 4(m) of the Federal Rules of Civil Procedure. However, by Order dated June 5, 2014, Magistrate Judge Knowles recognized that service may not have been properly executed and directed the Clerk to send counsel service packets so that service could be accomplished. (Docket No. 28). Thereafter, present Defendant was served via certified mail from the Marshals Service on July 11, 2014. (Docket No. 37).

Defendant also argues that the Second Amended Complaint should be dismissed because

1

Defendant has not complied with the Tennessee Healthcare Liability Act, specifically Tenn. Code Ann. §§ 29-26-121 & 122. While that Act governs medical malpractice claims and requires pre-suit notice and good faith certification, it is wholly inapplicable because Plaintiff's only claim in his governing Second Amended Complaint is that Defendants collectively exhibited a deliberate indifference to his serious medical needs in violation of the Eighth and Fourteenth Amendments.

Defendant also asserts that he is a private contractor and, pursuant to Minneci v. Pollard, 132 S.Ct. 617 (2012), cannot be held liable under 42 U.S.C. § 1983 because he is not a state actor. But Minneci involved a Bivens[1] claim against private employees of a privately operated federal prison, and it has been repeatedly held that Minneci's rationale does not extend to Section 1983 actions brought by state prisoners. See, e.g. McClary v. Huston, 2013 WL 4448576, at *3 (C.D. Ill. Aug. 16, 2013); Seiber v. Lacey, 2013 WL 4046313, at *5 (E.D. Tenn. Aug. 8, 2013); Winchester v. Marketti, 2012 WL 2076374, at *3 (N.D. Ill. June 8, 2012).

Defendant further argues that Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, notwithstanding the fact that the Second Amended Complaint specifically alleges that he filed numerous grievances which were effectively ignored and the fact that grievance forms were attached to the prior versions of the Complaint. While the PLRA requires "proper exhaustion" of administrative remedies and requires that a prisoner "make full use of the prison grievance process" and "compl[y] with the system's critical procedural rules," Woodford v. Ngo, 548 U.S. 81, 93 (2006), "failure to exhaust is an affirmative defense under the PLRA, and inmates are not required to specially plead or demonstrate exhaustion in their complaints," Jones v. Bock, 549 U.S. 199, 216 (2007). Regardless, exhaustion

---

[1] Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).

2

can be excused where "improper actions of prison officials render the administrative remedies functionally unavailable," Himmelreich v. Fed. Bureau of Prisons, 766 F.3d 576, 577 (6th Cir. 2014), or "when prison officials fail to timely respond to a properly filed grievance," Boyd v. Corr. Corp. of Am., 380 F.3d 989, 996 (6th Cir. 2004). Moreover, "failure to exhaust 'must be established by the defendants,'" Surles v. Andison, 678 F.3d 452, 456 (6th Cir. 2012) (citation omitted), and Defendant's cursory arguments fall far short of making that showing.

Defendant's two remaining arguments present a closer question. He claims that there are insufficient allegations to suggest a constitutional deprivation by him and that, regardless, Plaintiff's allegations fail to state a claim for deliberate indifference to a serious medical need.

It is true that supervisors "may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). But, a supervisory official can be held liable under Section 1983 where he "participated in the alleged misconduct, at least by encouraging, implicitly authorizing, approving or knowingly acquiescing in the misconduct, if not carrying it out himself." Flagg v. Detroit, 715 F.3d 165, 174 (6th Cir. 2013).

Here, the Second Amended Complaint alleges that Defendant was the Health Care Administrator at Riverbend Maximum Security Institution and that he was directly responsible for ensuring that inmates receive medical care, and that inmates are transported to, and examined by specialists, when medical personnel direct. In the prior Complaints, which are incorporated by reference, Plaintiff claims that he repeatedly complained to the powers that be at the prison about his constant pain and the lack of treatment, including Defendant McConnell, but his entreaties went unanswered. Whether Defendant actually knew of Plaintiff's condition, ignored his pleas, merely

3

stood idly by or, indeed, had any duty to intervene, is something only discovery can reveal.

As for the sufficiency of the deliberate indifference claim, this Court, in the context of initial review utilizing the dismissal standard articulated by the Supreme Court in <u>Iqbal</u> and <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), detailed the factual allegations, noted that an Eighth Amendment claim consist of both objective and subjective components, and wrote:

> In the present case, the plaintiff clearly alleges the existence of a serious enough medical condition to satisfy the objective component of his Eighth Amendment claim. A close question is posed as to whether his allegations establish the subjective component, because the plaintiff clearly received some medical care but disputes the adequacy of that care. In light of the plaintiff's allegations that his condition continues to deteriorate and he has not actually seen a doctor who can diagnose and treat his condition since July, the Court nonetheless finds, for purposes of the initial review, that the allegations of delay and dilatory treatment potentially go beyond mere negligence and suggest a denial of treatment "in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury."

(Docket No. 5 at 4-5) (internal citations omitted).

With the Court's permission, Plaintiff amended his Complaint and, in doing so, amplified his allegations. According to Plaintiff, his serious medical needs still have yet to be addressed, even though he does admit to receiving assorted treatments. Whether the actions or alleged inactions by Defendants amounted to deliberate indifference and/or whether Defendants, and in particular Defendant McConnell, possessed a "sufficiently culpable state of mind," <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994), is not something which can be decided on the pleadings.

In his response brief, Plaintiff acknowledges that "[p]revailing on a constitutional challenge to medical treatment under the fact of this case is a heavy challenge." (Docket No. 40 at 7). Indeed, and meeting that challenge may be particularly difficult as to Defendant McConnell, given his role as an administrator. For now, however, the Court will allow the claim against Defendant McConnell

4

to go forward and his Motion to Dismiss (Docket No. 27) is hereby DENIED.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE